**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DWAINE EVANS, JR.,

    Defendant - Appellant.

No. 01-3350

(D.C. Nos. 01-CV-3411-RDR,
97-CR-40035-03-RDR)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Dwaine Evans, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside, or correct sentence. Because he has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the appeal.

Two separate criminal proceedings were filed against Evans in 1997. Judgment was entered in the first case on September 8, 1998, and an amended judgment was entered on October 1, 1998, to correct a clerical error. Judgment was entered in the second case on November 12, 1998. Evans did not file a direct appeal in either case. On October 9, 2001, Evans, appearing pro se, filed his § 2255 motion alleging he received ineffective assistance of counsel at sentencing in both cases. Evans alleged his counsel failed to object to the district court's application of sentencing enhancements under U.S.S.G. § 3B1.1(c). The district court denied the motion, concluding it was filed "well after the one-year statute of limitations" set forth in § 2255. ROA, Doc. 213 at 3.

Section 2255 provides that a one-year "period of limitation shall apply to a motion" filed under the section. 28 U.S.C. § 2255. Typically, the one-year period runs from "the date on which the judgment of conviction becomes final." Id. Recognizing that his motion is untimely, Evans asserts he did not learn of the facts giving rise to his ineffective assistance of counsel claims, i.e., the district court's application of sentencing enhancements, until December 2000 when he met with prison officials to discuss his security level and work assignments. Evans contends that the one-year period of limitations should run from that date.

Section 2255(4) allows the one-year period of limitations to be tolled until "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence." We conclude that Evans learned, or with due diligence could have learned, about the sentencing enhancements even prior to the time judgment was entered in each of his cases. E.g., Fed. R. Crim. P. 32(b)(6)(A) (requiring that the probation officer provide defendant with a copy of the presentence report not less than 35 days before the sentencing hearing); Fed. R. Crim. P. 32(c)(3)(A) (requiring that the district court, prior to imposing sentence, verify that defendant and defense counsel have read and discussed the presentence report). We find no basis for deviating from the general rule that the one-year period of limitations runs from the date of judgment.

The request for a COA is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3